CAIN (SHUFORD v.). See Case No. 12,823.

CAIN (THEBO v.). See Case No. 13,875.

CAIRO CITY FERRY CO. v. The VIRGINIA. See Case No. 16,957.

### Case No. 2,294.

#### The CAITHNESHIRE.

[1 Abb. Adm. 163.] [1]

District Court, S. D. New York. Feb. Term, 1848.

COSTS IN ADMIRALTY—APPEAL FROM TAXATION.

1. Where a libel demanded the recovery of $6.75, wages due to each of two libellants; and $75 to each for salvage services, and the claim for wages was allowed, but that for salvage service was disallowed, and the decree was generally for the wages due, "with costs,"—*held*, that plenary costs were taxable in favor of libellants.

2. The discretionary power of the court over the award of costs cannot be exercised on an appeal from taxation, especially after the expiration of the term in which the decree is rendered.

In admiralty. This was a libel filed by James Drain and James Murphy, against the remnants and proceeds of the bark Caithneshire, in rem, and also in personam, against J. Rankin, her master, to recover for

---

[1] [Reported by Abbott Brothers.]

wages and for salvage services. The libel demanded the recovery of $6.75, wages due to each libellant, and also an additional compensation to each of $75, for salvage services on board the vessel after the period to which wages were charged. This last claim was disallowed by the court on the final hearing. The wages demanded were decreed the libellants with costs, and the term for which wages were to be computed was held to embrace the period the libellants remained with the vessel after she stranded. The claim against the master personally was dismissed with costs. The amount recovered was less than $50, but the bill of costs was made up by the libellants and taxed by the clerk, after the lapse of the term, as in a plenary suit. The claimant appealed from the taxation, insisting that costs of summary actions only could be allowed.

W. Muloch, for appellants.
Alanson Nash, for respondents.


BETTS, District Judge. By rule 165 of the district court, causes wherein the matter in demand does not exceed $50, are made summary, and by rule 176, the advocate's and proctor's costs on each side are limited in such actions to $12.

In these cases, as in those determining the jurisdiction of the circuit or supreme court, the amount put in demand by the claim of the libellant is conclusive upon the point.

In this case the respondent and claimant may clearly appeal to the circuit court on the merits, because they have been compelled to litigate a demand exceeding $50; and for the same reason the libellants may appeal, they having put in suit a claim beyond $50, which this court has refused to adjudge in their favor.

Accordingly, upon the face of those proceedings, the libellants, on a general decree for costs, are entitled to have them taxed as in a plenary cause. The same rule applies to the costs awarded the respondent in that branch of the case which seeks to charge him individually.

It was competent to the court, on the hearing or during the term, to have regulated, at its discretion, the allowance of costs. Had the subject been brought to my attention, I am strongly persuaded I should have limited the recovery on each side to summary costs.

The final decree was pronounced and enrolled in January term, and it is doubtful whether the court has any power over the subject after the expiration of that term. 3 Sumn. 495 [The New England, Case No. 10,151]; [Hudson v. Guestier] 7 Cranch [11 U. S.] 1. There is no authority in the court to adjudge costs de novo, on an appeal from taxation; such order should be one made in the cause on the hearing, and composing in part the terms of the final decree.

The appeal from the taxation overruled.